# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARICE BENFORD, | § | Bankruptcy Adversary No. 08-3004 |
|     Debtor. | § | |
| _____ | § | |
| | § | |
| D&I ROUND ROCK MOTORS, | § | **CIVIL ACTION NO. H-08-0734** |
|     Appellant. | § | |

## MEMORANDUM AND ORDER

Appellant D&I Round Rock Motors ("D&I") requested and obtained leave to appeal from the United States Bankruptcy Court's February 13, 2008 Order for Turnover. In the Order for Turnover [BR Doc. # 10], the Bankruptcy Court required D&I to deliver for inspection and insurance the motor vehicle Appellee/Debtor Charice Benford ("Benford") claimed to own. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(3).

The Court ordered an expedited briefing schedule. *See* Order [Doc. # 9]. Appellant D&I and Appellee Benford filed their Briefs [Docs. # 11 and # 12]. D&I neither filed a reply brief by the April 9, 2008 deadline nor requested an extension of time to do so. Having considered the parties' briefing, the designated bankruptcy

record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's Order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

D&I is a used car dealer. In July 2006, Debtor Benford purchased a 1999 Chevrolet Suburban from D&I, paying $3,500.00 down and financing the remaining $7,218.75 through D&I. The Motor Vehicle Retail Installment Sales Contract and Security Agreement (the "Contract") provided for monthly payments of $375.00 payable on the 15th day of each month.

Benford stopped making payments on the vehicle in the summer of 2007. On October 22, 2007, D&I gave Benford written notice of default and made formal demand for Benford to cure the default. In the October 22, 2007 notice, D&I advised Benford that failure to pay the amount then due within ten days would cause the acceleration of the full balance due under the Contract. D&I also advised Benford that it would "take whatever steps are necessary to protect [its] interests," including referring the matter to an attorney and filing a lawsuit to collect the unpaid sums. Benford failed to cure the default and, on November 13, 2007, D&I repossessed the vehicle. On November 15, 2007, D&I purported to sell the vehicle to a third party.

Benford filed a petition in bankruptcy on November 21, 2007. On that same day, Benford sent a letter to D&I demanding return of the vehicle and enclosing a

copy of the notice of filing of bankruptcy. Benford filed this adversary proceeding on January 7, 2008, and moved for turnover of the vehicle. Following hearings over three days, the Bankruptcy Court granted Benford's request and ordered turnover of the vehicle. At D&I's request, the Order for Turnover included a requirement that the vehicle be delivered to an inspection facility in order to obtain appropriate insurance coverage for the vehicle. It is unclear from the record, but it appears that the vehicle is currently in D&I's possession.

D&I filed a Motion for Leave to Appeal, which was granted by this Court. *See* Order [Doc. # 9]. D&I also filed a Motion to Stay Enforcement [Doc. # 10], seeking a stay of the Order for Turnover pending appeal. The appeal is ripe for decision.

## II.  STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005). Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows

improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

### III.  ANALYSIS

The Bankruptcy Court may require an entity in possession of property of the estate to turn over that property to the Bankruptcy Trustee. *See* 11 U.S.C. § 542. As a result, the Bankruptcy Court acted well within her authority to issue the Order for Turnover if the vehicle was, at the time Benford filed the bankruptcy petition, property of the estate.

For purposes of bankruptcy proceedings, "property of the estate" includes all the property in which the debtor has a legal or equitable interest at the commencement of the case. *See* 11 U.S.C. § 541. This includes property that has been seized pre-petition by one of the debtor's creditors. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 206, 209 (1983); *Mitchell v. BankIllinois*, 316 B.R. 891, 898-99 (S.D. Tex. 2004) (Rosenthal, J.).

D&I argues that the vehicle was not property of the estate when Benford filed her bankruptcy petition because D&I had already repossessed the vehicle and filed an application for transfer of title. Registration of title raises a presumption of ownership which may be rebutted by evidence to the contrary. *See Empire Gas & Fuel Co. v. Muegge*, 143 S.W.2d 763, 767 (Tex. 1940); *Minter v. Joplin*, 535 S.W.2d 737, 738-39 (Tex. Civ. App. – Amarillo, 1976).

In this case, there is uncontroverted evidence that D&I purportedly sold and applied for transfer of title of the vehicle without complying with the notice and consent provisions of Texas law and the Contract. Thus, Benford retained a right to redeem the vehicle. The Bankruptcy Court's turnover ruling is supported factually and legally by the record. In particular, under Texas law, a creditor must give notice to the debtor before selling collateral repossessed from that debtor. *See* TEX. BUS. & COMM. CODE § 9.614. Similarly, the Contract requires D&I to give Benford notice at least ten (10) days before selling the vehicle. There is no evidence that D&I gave Benford prior notice of its intent to sell the vehicle.

D&I has also taken the position that the vehicle was repossessed and accepted as full satisfaction of the indebtedness. Although a creditor is generally entitled to this course of conduct, it must first send notice to the debtor and obtain the debtor's consent, either by express consent from the debtor or by not receiving an objection

from the debtor within twenty (20) days after sending to the debtor the proposal to accept the collateral in full satisfaction. *See* TEX. BUS. & COMM. CODE § 9.620(a). There is no evidence that D&I gave Benford proper notice of its intent to accept repossession of the vehicle as full satisfaction of the indebtedness.

D&I failed to provide notice of an intent either to sell the vehicle or to accept the vehicle in full satisfaction of the debt. Consequently, the disposal or acceptance of the vehicle was not effective under Texas law. Benford retained a right to redeem the vehicle and, therefore, the vehicle remained property of the estate subject to a turnover order pursuant to § 524. The Bankruptcy Court's Order for Turnover is affirmed.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Bankruptcy Court's February 13, 2008 Order for Turnover is **AFFIRMED**. It is further

**ORDERED** that D&I's Motion to Stay Enforcement of Court Order [Doc. # 10] is **DENIED**.

The Court will issue a separate final Order.

SIGNED at Houston, Texas, this **22nd**  day of **April, 2008.**

Nancy F. Atlas
United States District Judge